[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence 3 May 1991 Date of Application 4 May 1991 Date Application Filed 7 May 1991 Date of Decision 24 September 1996
 Application for review of sentence imposed by the Superior Court for the Judicial District of Fairfield at Bridgeport.
Docket No. CR89-34-682
Auden Grogins, Esq., For the Petitioner
Cornelius Kelly, Esq., For the State of Connecticut
BY THE DIVISION
The petitioner was found guilty after a jury trial of Manslaughter in the First Degree in violation of Conn. Gen. Stat. § 53a-55 (a)(1); Attempted Assault 1st Degree in violation of Conn. Gen. Stat. § 53a-49; 53a-59 (a)(1); Carrying a Pistol Without a Permit in violation of Conn. Gen. Stat. § 29-35 and Criminal Possession of a Pistol in violation of Conn. Gen. Stat. § 53a-207 (a). The petitioner was sentenced to twenty years to serve on the Manslaughter count, ten years to serve consecutively on the Attempted Assault 1st Degree, five years to serve consecutively on the Carrying a Pistol without a Permit and five years to serve concurrently in the Criminal Possession of a Pistol for a total effective sentence of 35 years to serve.
The record shows that the petitioner armed himself prior to attending a Fraternity party at the University of Bridgeport. During the party he had a confrontation with a person in which the petitioner pulled out his weapon and shot the person in his inner arm. The petitioner as he was leaving the scene of the shooting was followed by another person trying to identify and possibly apprehend the petitioner. During the course of the chase the petitioner fired shots at his pursuers and one was shot and killed.
At the hearing counsel for the petitioner noted his lack of family support. His father was a criminal and his mother abandoned him at an early age. Petitioner fell prey to the allure of drugs and became addicted to drugs such as cocaine and heroin, which led him to dropping out of school. Counsel noted that the petitioner would do anything to get drugs including stealing from other people to support his habit. It was argued that petitioner in his numerous contacts with the criminal justice system was never given an impatient program to seriously address his addiction. Counsel also brought to the panel's attention the fact that the petitioner was set on fire in his cell prior to his sentencing and that he burned for about five minutes before help came. In conclusion, counsel asked this panel to lower the petitioner's sentence partially due to his family background and remorse shown by the petitioner.
The state's attorney informed the panel that the petitioner was eligible to receive fifty-five years and that he was CT Page 5433-ZZZ sentenced to only thirty-five. The state noted the extensive criminal history of the petitioner and argued that the court already took into consideration the injury the petitioner received in prison. The state argued that the sentence imposed by the court was fair and appropriate considering that people were injured and that a life was taken.
In reviewing the remarks of the trial court, we find that the court weighed all the factors required by Practice Book § 942. The court looked at the individual actions of the petitioner and balanced his criminal history when imposing sentence. This Division finds the sentence neither disproportionate nor unfair in light of the nature of the crimes committed by the petitioner.
SENTENCE AFFIRMED.
Norko, J.
Purtill, J.
Klaczak, J.
Norko, J., Purtill, J. and Klaczak, J., participated in this Decision.